## RUTHERFORD v. WILKINS.   (No. 2367.)

(Court of Civil Appeals of Texas. Texarkana.
May 4, 1921. Rehearing Denied May 19,
· 1921.)

**Accord and satisfaction ☞20—Creditor, who through debtor's fraud mistakenly received wrong stock in payment of debt, entitled to recover.**

Where a debtor proposed to sell his creditor in satisfaction a quarter share of oil stock, which they agreed was then worth $4,000 a share, the debt being $1,000, but the written memorandum of the contract of sale described the stock as a share in the "Hog Creek Stock Syndicate," which syndicate was a company whose only assets consisted of 10 shares of stock of the "Hog Creek Oil Company," the company whose stock was worth $4,000 a share, it was evident from the creditor's conduct that he was laboring under a mistake as to the identity of the corporation whose stock he was taking, and, having actually received stock of the syndicate worth only $15 a share, he is entitled to recover a judgment for the amount of his debt.

Appeal from District Court, Franklin County; J. A. Ward, Judge.

Suit by J. L. Rutherford against J. M. Wilkins. From judgment for defendant, plaintiff appeals. Reversed, and judgment rendered in favor of plaintiff.

Wilkinson & Davidson, of Mt. Vernon, for appellant.

F. B. Caudle, of Mt. Vernon, and J. M. Burford, of Mt. Pleasant, for appellee.

HODGES, J. Both parties to this suit are business men residing at Mt. Vernon, Franklin county. In January, 1919, the appellee, Wilkins, agreed to pay the appellant, Rutherford, $1,000 in settlement of litigation involving the title to a lot. In February following Wilkins proposed to assign to Rutherford an interest in some Hog Creek Oil stock in satisfaction of the debt. It was agreed between them that one share of the oil stock, which was of the par value of $100, was then worth about $4,000. Wilkins was to convey to Rutherford a one-fourth interest in one share in satisfaction of the debt above mentioned. Wilkins wrote a short memorandum of the contract of sale, in which the stock certificate was described as a "share of stock in the Hog Creek Stock Syndicate." This memorandum was delivered to Rutherford, who, after reading it, handed it back to Wilkins with the request that the certificate be divided so that he (Rutherford) could get his part. Some time later an attorney, at the instance of Wilkins, exhibited to Rutherford an original stock certificate belonging to Wilkins for four shares of stock in the "Hog Creek Stock Syndicate," of the par value of $25 per share. Rutherford requested the attorney to have the certificate returned to the company and others issued so that he could hold his separately. Some time in March the new certificates were returned, and Wilkins' attorney delivered to Rutherford one share of stock in the "Hog Creek Stock Syndicate." This was accepted by Rutherford as a full settlement of the debt for $1,000. The certificate was plainly marked "Hog Creek Stock Syndicate," and was inspected by Rutherford before he accepted it. That company, however, was a different corporation from the "Hog Creek Oil Company." Both companies were organized at Midlothian, Tex. "The Hog Creek Oil Company" issued shares of stock of the par value of $100, and at the time of this transaction its stock was worth from $4,000 to $5,000 per share. "The Hog Creek Stock Syndicate" was a company capitalized at $100,000, and its only assets consisted of ten shares of stock of the "Hog Creek Oil Company." Its stock, of the par value of $25 per share, was worth approximately $15 per share. When Rutherford learned that his stock was worth only $15 per share he became dissatisfied and, upon the failure to get a satisfactory settlement, filed this suit for the amount of his debt. In his pleadings he tendered back the stock certificate to Wilkins, and asked for judgment for the $1,000. In a trial before the court a judgment was rendered for the defendant, and Rutherford has appealed.

In addition to the facts above stated the court concluded his findings as follows:

"I find that J. M. Wilkins knew the kind of stock that he had, and he showed it to Rutherford and didn't represent that it was stock in the 'Hog Creek Oil Company,' but the written instrument and the stock certificate showed it was 'Hog Creek Stock Syndicate' stock. Rutherford thought he was getting a $1,000 worth of 'Hog Creek Oil Company' stock, but that was due to his negligent failure to look and see what he was getting. I find that there was neither fraud, mutual mistake, or failure of consideration."

We are of the opinion that Rutherford was entitled to the relief which he sought. Wilkins had proposed in the first instance to sell him an interest in oil stock which they agreed was then worth $1,000, or $4,000 per share. This could not have meant the "Hog Creek Stock Syndicate," whose stock was then worth only $15 per share. A person of ordinary intelligence must have known from Rutherford's conduct that he was laboring under a mistake as to the identity of the corporation whose stock he was taking. The two companies bore similar names, and were doing business at the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

same place, so that such a mistake might easily have been made. To take advantage of so palpable a mistake was a fraud which should not be permitted to stand. While in his pleadings the appellant does not in terms denounce the transaction as fraudulent, he pleads all the facts essential to enable this court to give him the relief to which he is entitled. The judgment will therefore be reversed, and judgment here rendered in favor of the appellant.